UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION FOR ACCESSIBLE MEDICINES, <br><br> Plaintiff, <br><br> - against - <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | Case No. 2:19-cv-02281-TLN-DB |

**MOTION FOR INJUNCTION PENDING APPEAL**

The Association for Accessible Medicines ("AAM")—which is filing a notice of preliminary injunction appeal pursuant to Ninth Circuit Rule 3-3 contemporaneous with this Motion, and which will file a motion to expedite the appeal in the Ninth Circuit as soon as the case is docketed in that Court—respectfully requests that this Court exercise its discretion to issue an injunction preventing enforcement of AB 824 pending AAM's immediate appeal. Federal Rule of Civil Procedure 62(d) expressly contemplates and permits such an injunction "[w]hile an appeal is pending from an interlocutory order … that … refuses … an injunction," and the Federal Rules of Appellate Procedure direct appellants to seek such relief in the district court before similarly petitioning the Court of Appeals, *see* Fed. R. App. P. 8(a)(1). AAM submits that, given its efforts to seek an immediate and expedited appeal of this Court's preliminary injunction ruling, the Court should stay and enjoin implementation of AB 824.

AAM recognizes that this Court only recently denied a request for preliminary injunctive relief, and that "the standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Klamath-Siskiyou Wildlands*

*Ctr. v. Grantham*, No. 2:18-cv-02785-TLN-DMC. 2019 WL 2325555, at *1 (E.D. Cal. May 31, 2019)*, appeal filed*, Case No. 19-16133 (9th Cir. June 4, 2019).  But the standards for the two inquiries are not identical.  Indeed, because Federal Rule of Appellate Procedure 8 contemplates that parties must seek an injunction pending appeal from the district court before seeking similar relief from the court of appeals, "[p]rior recourse to the initial decisionmaker" before seeking an injunction pending appeal "would hardly be required as a general matter if [a district court] could properly grant interim relief only on a prediction that it has rendered an erroneous decision."  *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977) (stay appropriate when court has ruled on "difficult legal question and when the equities of the case suggest that the status quo should be maintained").  "Several courts" accordingly "have observed that the 'success on the merits factor cannot be rigidly applied'" when adjudicating a motion for injunction pending appeal, "because if it were, an injunction would seldom, if ever, be granted 'because the district court would have to conclude that it was probably incorrect in its [initial] determination on the merits.'"  *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) (citation omitted); *see also, e.g.*, *Klamath-Siskiyou Wildlands Ctr.*, 2019 WL 2325555, at *1.

There is a substantial question here whether the Ninth Circuit will agree with this Court that further factual development (or State enforcement) is necessary to resolve in AAM's favor the merits of AAM's challenges.  As an initial matter, a number of other courts have resolved similar claims in identical postures.  *See, e.g.*, *Ass'n for Accessible Meds. v. Frosh*, 887 F.3d 664 (4th Cir. 2018) (adjudicating preenforcement dormant Commerce Clause challenge to Maryland statute and invalidating it as applied to out of state sales), *cert. denied*, 139 S. Ct. 1168 (2019); *IMS Health Inc. v. Mills*, 616 F.3d 7, 24 n.19 (1st Cir. 2010) (adjudicating a preenforcement, as-applied dormant Commerce Clause claim); *Pharm. Research & Mfrs. of Am. v. D.C.*, 406 F. Supp. 2d 56, 71 (D.D.C.

2005) (adjudicating pre-enforcement challenge and invalidating challenged D.C. law "as applied to sales between out-of-state manufacturers … and other out-of-state entities" because such regulation "has a *per se* invalid extraterritorial reach in violation of the Commerce Clause" under *Healy* and *Brown-Forman*), *aff'd sub nom. Biotechnology Indus. Org. v. D.C.,* 496 F.3d 1362 (Fed. Cir. 2007). And, despite this Court's ultimate denial of AAM's request for a preliminary injunction, the outcome of this Court's decision on both likelihood of success on the merits and the remaining preliminary injunction factors was "primarily due to the nature of Plaintiff's pre-enforcement attack." Mem. & Order on Pl.'s Mot. for Prelim. Inj. ("Mem. & Order") at 6 (Dkt. 29).

Indeed, this Court candidly recognized not only that "if the Attorney General were to enforce the terms of AB 824 against two out of state parties that entered into a settlement agreement outside of California, having nothing to do with California, such conduct would likely violate the Dormant Commerce Clause," *id.* at 8, but also that "any fine improperly levied—especially with respect to an individual—could not be recouped because of the Eleventh Amendment's protection of state officials," *id.* at 24. *See also id.* at 25 ("It is true that there may be some costs and changes to the business practices of Plaintiff's members as a result of AB 824[.]"). While the Court believed the prospect of such direct constitutional injuries was too speculative, *see id.* at 24, 26, there is a substantial question of whether the Ninth Circuit will agree—particularly in light of the fact that, when given the chance at oral argument, "the State did not … refute" that the statute applies out of state, *id.* at 9. *See also In re Lieberman*, 245 F.3d 1090, 1091 (9th Cir. 2001) (the scope of a statute "is a question of law" the Ninth Circuit reviews de novo). Furthermore, the logic of this Court's order is that a party regulated by a state law that may well be unconstitutional must wait for that law to be applied against it before it may complain. Yet if that is the case, then a host

of federal abstention doctrines may wind up precluding federal intervention, thus effectively defeating federal review and the fundamental purpose of 42 U.S.C. § 1983.

Finally, AAM renews its arguments that the other injunction factors strongly weigh in favor of enjoining enforcement of AB 824. If the Ninth Circuit takes a different view from this Court on the ripeness issue, then AAM members will undoubtedly have suffered irreparable harm from the interim implementation of an unconstitutional law—and, in that case, the balance of equities and harms will likewise tip in AAM's favor. *See, e.g.*, *Davis v. D.C.*, 158 F.3d 1342, 1346 (D.C. Cir. 1998) ("Although a plaintiff seeking equitable relief must show a threat of substantial and immediate irreparable injury, a prospective violation of a constitutional right constitutes irreparable injury for these purposes.") (internal citation omitted).

For the foregoing reasons, the Court should grant AAM's motion. In the alternative, given this Court's recognition that it "would likely violate the Dormant Commerce Clause" "if the Attorney General were to enforce the terms of AB 824 against two out of state parties that entered into a settlement agreement outside of California," Mem. & Order 8, AAM respectfully requests that the Court enjoin enforcement of AB 824 as applied to out-of-state settlement agreements during the pendency of AAM's appeal to the Ninth Circuit. Enjoining the Attorney General from so applying the statute would cause the Attorney General no injury. *See, e.g.*, *Legend Night Club v. Miller*, 637 F.3d 291, 302-303 (4th Cir. 2011) ("[T]he State of Maryland is in no way harmed by issuance of an injunction that prevents the state from enforcing unconstitutional restrictions."); *Joelner v. Vill. of Wash. Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) ("[T]here can be no irreparable harm to a municipality when it is prevented from enforcing an unconstitutional statute."); *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 274 F.3d 377, 400 (6th Cir. 2001) ("[I]f the plaintiff shows a substantial likelihood that the challenged law is unconstitutional,

no substantial harm to others can be said to inhere in its enjoinment."). Conversely, so enjoining the statute would save AAM's members from being forced to reorder their affairs nationwide out of fear of potential enforcement against settlement agreements entered entirely out of state.

Although AAM believes that an injunction pending appeal is warranted, to the extent that this Court is disinclined to grant the requested relief, AAM respectfully requests that this Court dispose of the instant motion with dispatch.[1]

                                      Respectfully submitted,

                                      /s/Matthew D. Rowen
                                      MATTHEW D. ROWEN (CA BAR 292292)
                                       *Counsel of Record*
                                      KIRKLAND & ELLIS LLP
                                      1301 Pennsylvania Avenue NW
                                      Washington, DC 20004
                                      (202) 389-5000
                                      matthew.rowen@kirkland.com

                                      JAY P. LEFKOWITZ (*pro hac vice*)
                                       KIRKLAND & ELLIS LLP
                                      601 Lexington Avenue
                                      New York, NY 10022
                                      (212) 446-4800
                                      lefkowitz@kirkland.com

                                      *Counsel for Plaintiff*

January 2, 2020

---

[1] The State has indicated that it opposes AAM's motion.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2020, I electronically filed the foregoing Motion for Injunction Pending Appeal with the Clerk of the Court for the United States District Court for the Eastern District of California using the CM/ECF system.

/s/ Matthew Rowen