UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION FOR ACCESSIBLE MEDICINES,<br><br>        Plaintiff,<br><br>     v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>        Defendant. | No. 2:19-cv-02281-TLN-DB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL** |

This matter is before the Court on Plaintiff Association for Accessible Medicine's ("Plaintiff" or "AAM") Motion for Injunction Pending Appeal brought under Federal Rule of Appellate Procedure 8. (ECF No. 30.) For the reasons set forth below, Plaintiff's Motion is DENIED.

**I.**     **PROCEDURAL BACKGROUND**

The Court will not recount all background facts herein (*See* ECF No. 29, providing a more thorough factual background), and will instead summarize only the relevant procedural history.

On November 19, 2019, Plaintiff filed a Motion for Preliminary Injunction requesting the Court enjoin the implementation or enforcement of AB 824. (ECF No. 10.) Defendant Attorney General Xavier Becerra ("Defendant" or the "State") filed an opposition to that motion on

1

December 10, 2019 (ECF No. 24), and Plaintiff replied on December 17, 2019 (ECF No. 27). The Court heard oral argument on the matter on December 19, 2019 (*see* ECF No. 28), and ultimately issued an order denying the motion on December 31, 2019 (ECF No. 29, the "Order").

On January 2, 2020, Plaintiff filed a Notice of Preliminary Injunction Appeal of this Court's December 31, 2019 Order to the United States Court of Appeals for the Ninth Circuit. (ECF No. 31.) At the same time, Plaintiff filed the pending Motion for Injunction Pending Appeal (ECF No. 30) but failed to properly notice that motion pursuant to Local Rule 230. Nonetheless, and because of the time-sensitive nature of Plaintiff's request, the Court — rather than force Plaintiff to properly notice the motion for a hearing date or file a request to shorten time — ordered the State to respond on a much-shortened timeline. (*See* ECF No. 33.) In compliance with the Court's order, the State timely filed its Opposition on January 6, 2020, and briefing on the matter was closed. (ECF No. 35.)

## II.  STANDARD

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction, but a court may employ a "sliding-scale" approach in weighing the four factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In that case, a plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

The "factors [that] inform ... the decision to stay pending appeal ... are essentially the same as [those] applicable to a motion for a preliminary injunction[.]" *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15–CV–00133–KJM–AC, 2015 WL 3623369, at *1 (E.D. Cal. June 9, 2015). Consequently, the Court assumes the sliding-scale approach applies in both situations as well. *See Klamath-Siskiyou Wildlands Center v. Grantham*,

No. 2:18-cv-02785-TLN-DMC, 2019 WL 2325555, at *1 (E.D. Cal. 2019). The test therefore operates as follows: "serious questions going to the merits and a balance of hardships that tips sharply towards the [appellant] can support issuance of a [stay pending appeal], so long as the [appellant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted)).

### III. ANALYSIS

Regarding the likelihood of success on the merits or serious questions going to the merits of Plaintiff's claims, it appears the test on an injunction pending appeal is more specifically directed to Plaintiff's likelihood of success on appeal or serious questions going to the merits of Plaintiff's appeal.[1] *See Klamath-Siskiyou Wildlands Center*, 2019 WL 2325555, at *2. To that end, as Plaintiff notes, some "courts have observed that the success on the merits factor cannot be rigidly applied, because if it were, an injunction would seldom, if ever, be granted because the district court would have to conclude that it was probably incorrect in its determination on the merits." *Protect Our Water v. Flowers*, 377 F.Supp.2d 882, 884 (E.D. Cal. 2004) (quoting *Oregon Natural Res. Council v. Marsh*, Civ. No. 85-6433-E, 1986 WL 13440, at *1 (D. Or. 1986) (internal quotation marks and citation omitted). "Rather, district courts properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Id.* (internal quotation marks and citation omitted).

In an attempt to meet this standard, Plaintiff asserts that "[t]here is a substantial question here whether the Ninth Circuit will agree with this Court that further factual development (or State enforcement) is necessary to resolve in AAM's favor the merits of AAM's challenges." (ECF No. 30 at 2.) Plaintiff points to three out-of-circuit cases in support of its position that it has raised serious questions going to the merits of its appeal based on this Court's finding that Plaintiff's pre-enforcement as-applied Dormant Commerce Clause claim is not ripe. (ECF No. 30

---

[1] The Court of Appeals reviews a district court's grant or denial of preliminary injunction for abuse of discretion. *BOKF, NA v. Estes*, 923 F.3d 558, 561 (9th Cir. 2019).

3

at 2–3.) Plaintiff additionally argues that its asserted constitutional injuries are not too speculative in light of the fact the State did not refute that AB 824 applies out of state. (ECF No. 30 at 3.)[2] Plaintiff stresses that the logic of the Court's Order renders 42 U.S.C. § 1983 meaningless because it would require a party regulated by an unconstitutional law to wait for the law to be applied against it before it may complain. (ECF No. 30 at 3–4.)

This Court is not in the practice of guessing how the Court of Appeals might eventually rule on the questions presented to it. Nonetheless, and for the reasons set forth in the Court's December 31, 2019 Order denying Plaintiff's Motion for Preliminary Injunction, the Court finds Plaintiff is not likely to succeed on the merits of its appeal, nor has Plaintiff raised serious questions going to the merits of that appeal. (*See generally*, ECF No. 29 at 7–23.) Indeed, Plaintiff's out-of-circuit cases (*See* ECF No. 30 at 2–3) do not support its position to the extent Plaintiff would have the Court believe, nor do they change the Court's prior analysis. And more importantly, to the extent those cases adjudicated pre-enforcement as-applied Dormant Commerce Clause claims, the Court presumes those cases were ripe for such adjudication. Simply put, Plaintiff's claim is not.

In the instant case, this Court did not find that pre-enforcement as-applied Dormant Commerce Clause attacks are *never* permissible. Rather, the Ninth Circuit has articulated a three-part test concerning the ripeness of such claims. *See, e.g., Clark v. City of Seattle*, 899 F.3d 802 (9th Cir. 2018) ("Where a plaintiff intends to challenge a statute prior to its enforcement, generalized threats of prosecution do not confer constitutional ripeness. Rather, there must be a genuine threat of imminent prosecution. To determine whether a genuine threat of imminent

---

[2] Plaintiff has cited to the Court's own December 31, 2019 Order for the proposition that "the State did not . . . refute that the statute applies out of state." (ECF No. 30 at 3, quoting Order, ECF No. 29, at 9 (internal quotation marks omitted).) The Court's order, however, says nothing remotely close to the aforementioned statement. The order in fact provides: "the State did not blanketly refute Plaintiff's attempt to raise a pre-enforcement as-applied attack on AB 824, but rather highlighted Plaintiff's failure to meet the standard required under such an attack." This is not the first time Plaintiff's counsel has taken language from court decisions and applied it out of context. Whether sloppy or intentionally misleading, counsel is cautioned that this practice is frowned upon and future attempts to mislead may be met with sanctions.

4

prosecution exists, we use three factors . . . ." (citations and internal quotation marks omitted)). This Court found Plaintiff has not met the factors articulated in that test and therefore found Plaintiff's particular claim is not ripe. (ECF No. 29 at 10–11.) Consequently, the Court found a preliminary injunction should not issue at this time. Based on the same Ninth Circuit precedent, then, the Court now finds Plaintiff has not raised serious questions going to the merits of its appeal.

Even assuming the standard at this stage is more slightly reduced[3] to "an admittedly difficult legal question" and "the equities of the case suggest that the status quo should be maintained," *Protect Our Water*, 377 F.Supp.2d at 884, Plaintiff's position fails nonetheless. Even if the Court finds this case presents "an admittedly difficult legal question," the equities here do not suggest that an injunction should issue to prevent enforcement of AB 824. As set forth in the Court's Order denying preliminary injunction, the equities in this case are entirely speculative. Without rehashing the specifics, each party is adamant that AB 824 will have a certain impact on the quantity, type, and price of prescription drugs on the market. (*See* ECF No. 29 at 25–26.) But neither party *knows* how AB 824 will actually impact the market, nor does the Court. And the Court is not in the business of predicting market reaction to new legislation. The Court therefore cannot find that the equities suggest an injunction should issue at this time.

As for Plaintiff's alternate request — that the Court enjoin enforcement of AB 824 as applied to out-of-state settlement agreements during the pendency of Plaintiff's appeal — the same reasoning holds true. More specifically, Plaintiff has not shown a likelihood of success or serious questions on the merits of its appeal because Plaintiff has not met the Ninth Circuit's three-pronged test for establishing ripeness in a pre-enforcement challenge (a genuine threat of

---

3     The Court is not convinced this language was intended to reflect a reduced standard, nor that it properly states the standard as it exists post-*Winter*. First, Plaintiff's cited case is from 2004, prior to both *Winter* and *Alliance for the Wild Rockies* (clarifying that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after *Winter*). Second, a "difficult legal question" is closely synonymous to "serious questions" and "the equities . . . suggest that the status quo should be maintained" might be equated to the balance of hardships tipping sharply in the movant's favor. In other words, the test articulated in *Protect Our Water* mirrors the so-called sliding scale approach now used in the Ninth Circuit.

imminent prosecution). *See, e.g., Clark v. City of Seattle*, 899 F.3d 802 (9th Cir. 2018). In other words, Plaintiff has not demonstrated that any of its members have an imminent plan to enter into an out-of-state settlement, nor that the State has communicated a specific threat of prosecution. *See, id.* Consequently — and despite the fact that the Court acknowledged enforcement of AB 824 against parties entering into a settlement agreement having nothing to do with California would likely violate the Dormant Commerce Clause (ECF No. 29 at 8) — Plaintiff's pre-enforcement attack does not raise serious questions on appeal.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Injunction Pending Appeal (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: January 10, 2020

Troy L. Nunley
United States District Judge